Juan de Dios Marrero, Plaintiff and Appellee, *v.* Leocadio Mas, Defendant and Appellant.

No. 6938.   Argued March 25, 1935.—Decided May 21, 1935.

*M. Acosta Velarde* for appellant.   *G. Cruzado Silva* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

In a suit for the fixing of boundaries decided previously to this one, the present appellant was to a certain extent successful. The marshal in the previous suit marked or attempted to mark the real boundaries between the litigants. Then the present appellant took some further steps. The complaint in the present action set up that the defendant had deprived plaintiff of the possession of a triangular piece of property and destroyed a fence, putting up one of his own, and asked for an injunction to recover possession. The District Court of San Juan, after a trial so decided. This is a motion to dismiss as frivolous the appeal from the judgment.

The district court held that a suit to fix boundaries was ineffective to change the status, citing *García* v. *Fernández,* 1 *S.P.R.* 286; 3 Manresa, *Comentarios al Código Civil,* 324, 342, and 350; *La O* v. *Rodríguez,* 28 P.R.R. 593. As held in the last-named case, the judgment fixing boundaries gives the parties a right to an action to be placed in possession of the property so defined. It does not give either party a right to take the law into his own hands and himself take possession of a disputed part of land. Mistakes may, besides, arise. The situation of the parties or

their immediate rights to possession may change or involve other considerations.

The appellant, however, maintains that the land was not sufficiently identified and that no marshal could definitely find it and restore possession. The district court held otherwise. The answer in the case by reason of its form as a negative pregnant did not put in issue the description in the complaint or some of its other essential averments.

The appellant maintains that a judgment on the pleadings should not be raised for the first time at the trial, citing a number of cases, but the proceeding in this case was not at all what is known as a judgment on the pleadings, inasmuch as the parties were in the midst of a trial and the appellee simply relied, as he had a right to do, upon the admissions *pro tanto* made by the defendant in pleading negative pregnants. We also notice that the appellant says that the practice of rendering judgments by reason of negative pregnants is an odious one.

Nevertheless, the plaintiff is always entitled to know what the defendant is really denying and the result is not accomplished by a negative pregnant. The idea of the law, if the answer is under oath, is that the defendant could not escape the pains and penalty of a prosecution for perjury by saying that he only meant to answer a small part of the claim of the complaint and did not intend to deny some other averments more essential. The matter of negative pregnants has been covered by opinions of this court. *Somonte* v. *Mimoso,* 27 P.R.R. 368; *Mazarredo* v. *Echevarría et al.,* 32 P.R.R. 464; *Guzmán* v. *Am. R. R. Co.,* 29 P.R.R. 375.

The said complaint set up the title of complainant to a described piece of property; that defendant had deprived plaintiff of a triangular piece of property covering the whole southern part of the described lot with an area approximately of 5 meters. 46 centimeters; and then describ-

ing or trying to describe the segregated portion and setting up that defendant removed a fence and constructed another.

The appellant draws our attention to several cases in which we insisted upon a more specific description. Whatever the bearing of these cases was, the position of the land taken in this particular case is more or less definitely located by the statements of the complaint, and any deficiencies were supplied by the acts of the defendant himself in destroying fences and putting up others. His own brief and his own defense of *res adjudicata* showed that both parties had in mind the same strip of ground that the plaintiff is seeking to recover.

█ Naturally, the previous suit was not *res adjudicata*. Nor can we agree with appellant that the present suit has for its object a second definition of boundaries. Nor that the suit involves the trying of a title.

Furthermore, even supposig that the marshal took some steps by reason of the previous suit, whatever he did would be at the instance of the present defendant, and plaintiff would still be entitled to have the *status quo* restored.

The appeal will be dismissed.